UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANIA OLIVER,

       Plaintiff,                                  No. 22-12620

v.                                           Honorable Nancy G. Edmunds

FITNESS INTERNATIONAL, LLC,

       Defendant.
_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Shania Oliver filed a complaint against Defendant Fitness International, LLC, alleging violations of Michigan's Elliott-Larsen Civil Rights Act and Michigan's Whistleblower Protection Act, in this Court based on diversity jurisdiction. (ECF No. 1.) For the reasons below, the Court dismisses the complaint for lack of jurisdiction.

Upon its initial review of the complaint, the Court found that Plaintiff had not properly alleged the citizenship of Defendant. (ECF No. 10.) Thus, the Court issued an order to show cause, requiring Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (*Id.*) More specifically, the Court noted that because "'a limited liability company has the citizenship of each of its members,'" it needed to know the citizenship of each member and sub-member of Defendant. (*Id.* at PageID.37 (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).)) Plaintiff responded to the Court's order, setting forth the citizenship of each of Defendant's members, including "a newly disclosed" member that is a limited liability company with two members—both of which are limited partnerships

1

that have partner(s) who are citizens of Michigan, like Plaintiff.  (ECF No. 14.)  Despite this, Plaintiff asked the Court not to dismiss this case, pointing to Defendant's admission in its answer that all members of Defendant are citizens of states other than the state of Michigan and stating that it is unclear when that entity became a member of Defendant.  (*Id.*)  The Court found that Plaintiff had not satisfied her burden of proving that the parties were diverse at the time the complaint was filed but issued a second order to show cause, giving Plaintiff another opportunity to show jurisdiction.  (ECF No. 15.)  After issuance of this order, Defendant amended its answer to deny the allegation it had previously admitted regarding its citizenship.[1]  (ECF No. 17.)  Before the Court is Plaintiff's response to the Court's second order, stating that Defendant had not provided her with the date the non-diverse entity became a member of Defendant and that this information is within Defendant's custody.  (ECF No. 18.)  Defendant subsequently filed its own response, stating that while it is not seeking dismissal of this case for lack of jurisdiction and would otherwise prefer to have this matter adjudicated in this Court, the non-diverse entity was a member of Defendant prior to the filing of this lawsuit, as it had relayed to Plaintiff in an email sent to her counsel before she filed her most recent response.[2]  (ECF No. 19.)

---

[1] A stipulated order was entered allowing Defendant to amend its answer. (ECF No. 16.)  This order states that Defendant's original admission "was based upon incorrect information."

[2] It is unclear whether Plaintiff received this email, which has not been submitted to the Court as an exhibit.  Defendant does not explain why it waited until January 12, 2023, to amend its answer and deny the allegation regarding its citizenship, despite being admittedly aware of the underlying information by at least December 14, 2022—the date it was provided to Plaintiff.  (*See* ECF Nos. 14-4, 14-5.)

Because there were Michigan citizens on both sides of the dispute at the outset of this case, the parties are not diverse and dismissal for lack of jurisdiction is appropriate. This conclusion is not altered by the parties' desire to litigate in federal court. *See Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004) ("Subject-matter jurisdiction cannot be conferred by consent of the parties, nor can it be waived.") (citation omitted); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.") (citation omitted). Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 19, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 19, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager